

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-7002

Re: May the Bankers Standard Life
Insurance Company, a statewide
mutual assessment company op-
erating under Ch. 8a, Art. 5068-1,
V.A.C.S., and amendments, which
was originally incorporated as a
Fraternal Benefit Society, amend
its purpose clause in order to
include the issuance of health
and accident policies in addition
to the writing of life insurance
policies?

The subject of your inquiry is the Bankers Standard Life Insurance
Company of Dallas, Texas, as pointed out in your letter of December 15,
1945, originally incorporated as a Fraternal Benefit Society, Chapter 115,
General Laws of the 26th Legislature, Acts of 1899.

We quote the following portions of your letter:

"Bankers Standard Life Insurance Company, Dallas,
Texas, is a statewide mutual assessment company operating
under Chapter 8a and Article 5068-1 and amendments. It
was originally incorporated as a Fraternal Benefit Society
under Chapter 115, General Laws of the 26th Legislature,
Section 15 of the then Revised Statutes. The pertinent
part of its purpose clause was as follows:

"'The object and purpose for which this association
is formed is to provide for the payment of death benefits
to its members in good standing who have paid all assess-
ments due by them, and to issue death benefit certificates
to such of its members, male and female, between the ages
of 18 and 50 years of age...'

"The charter also provided:

"'This corporation shall have all of the powers conferred upon such corporation by the laws of this State providing for the incorporation of fraternal benefit associations.'

"* * *

"The association qualified for a license from this Department under House Bill 303, Acts of the 43rd Legislature.

"Please advise me whether the association may now amend the purpose clause of its charter to include is- surance of health and accident policies in addition to the writing of life insurance policies.

"Letter Opinion from your Department dated July 16, 1935, copy of which is enclosed touches upon this inquiry."

The foregoing purpose clause of the charter stating the object and purpose for which the association was orginally formed appears to be within the provisions of the 1899 Act. Section 1 of this Act provided that such association may make privision for the payment of benefits in case of sickness, temporary or permanent physical disability, either as the result of disease, accident or old age.

The foregoing Act of 1899 was repealed in 1909 with its provi- sions substantially re-enacted in Chapter 36, First Called Session, 31st Legislature, with Section 5 substantially worded the same as Section 1 of the Act of 1899.

Again the law was revised by the Act of 1913 with the foregoing provisions substantially unchanged. We note that in the original Act, as well as each subsequent amendment or revision, one of the primary charac- teristics of a Fraternal Benefit Society is the requirement that such society have a lodge system or representative form of government with the early Act requiring a lodge system with ritualistic form of work.

Each of the foregoing Acts of 1899 and 1909 above referred to, contain substantially the same provision as found in our present Article 4823, R. C. S. (Acts 1913), which reads:

"Except as herein provided, such societies shall be governed by this law, and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose. No law herafter enacted shall apply to them, unless they be expressly designated therein."

Section 14, Subdivisions 3 and 6 of the Act of 1899, contains the following provision required in the application of such associations in obtaining a charter, to wit:

"3.  The object and purpose for which the association is formed, and shall not include more liberal powers than are granted by this Act.

"6.  The term for which such corporation shall exists, not to exceed 50 years . . ."

This section further provided that such charters may be amended by filing with the Secretary of State the desired amendments, properly acknowledged as required in obtaining a charter.

This right to amend was expressly preserved in the Act of 1909, Sec. 15 and brought forward in the 1913 Act (Art. 4839, R. C. S.)

It is noted that Article 4859e, Sections 1 through 10, were enacted in 1929, Acts of the 41st Legislature, First Called Session, Chapter 75, making provision for any Fraternal Benefit Society with a lodge system and representative form of government doing business in the State of Texas to convert itself into a mutual benefit company or into an incorporated stock company by conforming to its provisions.

Article 4959f, R. C. S., provides in Section 1 that "any corporation organized and incorporated under a pre-existing law in this State without capital stock and not for profit, which law has been amended or repealed or re-enacted, and which was operating and actually carrying on in this State immediately prior to January 1, 1933, the state-wide business of mutually protecting or insuring the lives of its members by assessments made upon its members may comply with the terms of this Act, subject to the subsequent provisions hereof."

This Act, House Bill No. 303, was originally enacted by the 43rd Legislature, Acts of 1933, Ch. 245, with subsequent amendments to Section 6, not material herein to consider.

In Section 14 of Article 4859f, it is expressly provided that "the charters of all corporations complying with this Act are expressly continued in force during the terms of said charters subject to the provisions hereof."  In Section 19 the article provides that this Act shall in no wise affect or apply to companies operating as local mutual aids, as fraternal benefit societies, reciprocal exchanges, and etc., and except as expressly provided, no insurance law of this State shall apply to corporations operating under the Act, and no law hereafter enacted shall apply to them unless they be expressly designated therein.

As to the repeal of the Act of 1899, the rule in Texas is to the effect that where a general statute providing for a corporation is

repealed, the charter granted under the statute is not revoked unless there is a special provision in the repealing statute to that effect. State vs. Texas Mutual Reserve Life Insurance Company, 51 S. W. (2d) 405, rev. on other grounds, 58 S. W. (2d) 37.

We fail to find any provision under Article 4859f, Chapter 8A, Title 78 of the statutes authorizing an amendment to a charter of any company operating under the provisions of that chapter. The purpose clause of the Act was to bring all of those companies or associations to which the Act is applicable under its provisions or have their charters forfeited. The charters of all corporations complying with the Act and doing business thereunder are expressly continued in force during the terms set forth in said charter, but subject to the provisions of the Act. In this connection we find no prohibition in Art. 4859f to such mutual assessment life insurance companies writing accident and health insurance provided their charters authorize them to do so.

The charter or any amendments thereto of the Bankers Standard Life Insurance Company are not before us, and we are informed that such company has been issued a license by your department and operating under Chapter 8A and Article 5068-1, and amendments thereto for many years by complying with its provisions.

In view of the foregoing provisions, we may assume that such company was legally qualified and licensed to operate under Chapter 8A as a mutual assessment life insurance company, and in the absence of any evidence that such operation is illegal or detrimental to the public interests such company may exercise the right to amend its charter in keeping with the provisions of Art. 4838, which provides that such corporation shall have such other powers as are necessary and incidental to carrying into effect its object and purposes and Article 4839.

It is not believed that the Legislature, in the treatment of such associations since the Act of 1899 and preserving the charter rights of those qualified under Chapter 8A of the Revised Statutes, intended in anywise to limit any original charter powers and the right to amend the same so long as the amendment did not seek to enlarge or give more liberal powers to the association than is granted under the original act of incorporation.

It is therefore the opinion of this department that the Bankers Standard Life Insurance Company, Dallas, Texas, operating and licensed under Chapter 8A, Title 78, V.A.C.S. as a state-wide mutual assessment company is authorized to amend the purpose clause of its charter to include health and accident benefits in connection with the issuance of its life insurance policies.

|  |  |  |
|---|---|---|
| APPROVED JAN 25, 1946 | Yours very truly | THIS OPINION |
| /s/ Carlos C. Ashley | ATTORNEY GENERAL OF TEXAS | CONSIDERED |
| FIRST ASSISTANT | BY /s/ Wm. J. R. King | AND APPROVED |
| ATTORNEY GENERAL | Wm. J. R. King | IN LIMITED |
|  | Assistant | CONFERENCE |

WJRK/JCP/ds